NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>   **Plaintiff-Appellee,**<br><br>**v.**<br><br>**JESUS GALLARZO, Jr., AKA Jesse Lopez, AKA Wino,**<br><br>   **Defendant-Appellant.** | No. **15-50415**<br><br>D.C. No.<br>**2:14-cr-00666-DDP-1**<br><br><br>MEMORANDUM\* |

**Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding**

**Argued and Submitted August 7, 2017
Pasadena, California**

**Before: REINHARDT, KOZINSKI, and CHRISTEN, Circuit Judges.**

1. "Outrageous government conduct is not a defense, but rather a claim that government conduct in securing an indictment was so shocking to due process values that the indictment must be dismissed." *United States v. Williams*, 547 F.3d

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

1187, 1199 (9th Cir. 2008) (citation omitted). Dismissal is "limited to extreme cases in which the government's conduct violates fundamental fairness." *United States v. Gurolla*, 333 F.3d 944, 950 (9th Cir. 2003). Outrageousness is an "extremely high standard" that can only be met by conduct "so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Hullaby*, 736 F.3d 1260, 1262 (9th Cir. 2013) (citation omitted). The government conduct in this case did not reach that level.

2. A district court may exercise its supervisory powers "to remedy a constitutional or statutory violation; to protect judicial integrity by ensuring that a conviction rests on appropriate considerations validly before a jury; or to deter future illegal conduct." *United States v. Stinson*, 647 F.3d 1196, 1210 (9th Cir. 2011) (citation omitted). In this case, the district court had no grounds for exercising its supervisory powers of dismissal and thus properly declined to do so.

3. "Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations." *United States v. Corona-Verbera*, 509 F.3d 1105, 1112 (9th Cir. 2007). The pre-indictment delay here was 28 months, well within the five-year statute of limitations. To demonstrate that due process nevertheless requires dismissal due to delay within the statute of limitations, a defendant must first "prove that he suffered actual, non-speculative

prejudice from the delay, meaning proof that demonstrates exactly how the loss of evidence or witnesses was prejudicial." *United States v. Barken*, 412 F.3d 1131, 1134 (9th Cir. 2005) (citation omitted). This burden "is heavy and is rarely met." *Id.* "Generalized assertions of the loss of memory, witnesses, or evidence are insufficient to establish actual prejudice." *United States v. Manning*, 56 F.3d 1188, 1194 (9th Cir. 1995). The district court correctly found that Gallarzo did not make an adequate offer of proof that he suffered prejudice.

4.      The district court did not err in declining to reconsider these pretrial rulings.

**AFFIRMED.**